1    PHILLIP A. TALBERT
     Acting United States Attorney
2    JUSTIN J. GILIO
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone: (559) 497-4000
     Facsimile: (559) 497-4099
5

6    Attorneys for Plaintiff
     United States of America
7

8                          IN THE UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    CASE NO. 1:19-CR-00145-DAD-BAM

12                      Plaintiff,                 STIPULATION REGARDING EXCLUDABLE
                                                   TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                                     FINDINGS AND ORDER

14   DONAVAN ADKINS ET AL.,                        DATE: November 10, 2021
                                                   TIME: 1:00 p.m.
15                      Defendants.                COURT: Hon. Barbara A. McAuliffe

16

17                                      **BACKGROUND**

18          This case is set for status conference on November 10, 2021.  On May 13, 2020, this Court

19   issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20   further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21   matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22   issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

23   discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24   by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This,

27   previous, and subsequent General Orders were entered to address public health concerns related to

28   COVID-19.

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8  or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11  justice continuances are excludable only if "the judge granted such continuance on the basis of his

12  findings that the ends of justice served by taking such action outweigh the best interest of the public and

13  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15  the ends of justice served by the granting of such continuance outweigh the best interests of the public

16  and the defendant in a speedy trial."  *Id.*

17    The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

23  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

24  following the September 11, 2001 terrorist attacks and the resultant public emergency).

25    The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

26  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

27  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

28  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

(6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

      In light of the foregoing, this Court should consider the following case-specific facts in finding

excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

(Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

*States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

"specifically limited in time").

## STIPULATION

      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

      1.      By previous order, this matter was set for status conference on November 10, 2021.

      2.      By this stipulation, defendant now moves to continue the status conference until March 9,

2022, and to exclude time between November 10, 2021, and March 9, 2022, under 18 U.S.C.

§ 3161(h)(7)(A), B(i), (ii) [Local Code T4].

      3.      The parties agree and stipulate, and request that the Court find the following:

          a)      The government has represented that the discovery associated with this case

includes investigative reports, numerous photographs and videos, hundreds of hours of recorded

telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts

of cellular telephone precise location data.  The discovery is voluminous and includes over

14,000 pages.  All of this discovery has been either produced directly to counsel and/or made

available for inspection and copying.

          b)      Counsel for defendant desires additional time to consult with their clients, conduct

further investigation, review the voluminous discovery, prepare for a possible trial, and to

1    continue to explore a potential resolution of the case.

2          c)      Counsel for defendant believes that failure to grant the above-requested

3    continuance would deny him/her the reasonable time necessary for effective preparation, taking

4    into account the exercise of due diligence.

5          d)      The government does not object to the continuance.

6          e)      Based on the above-stated findings, the ends of justice served by continuing the

7    case as requested outweigh the interest of the public and the defendant in a trial within the

8    original date prescribed by the Speedy Trial Act.

9          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10   et seq., within which trial must commence, the time period of November 10, 2021 to March 9,

11   2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii) [Local

12   Code T4] because it results from a continuance granted by the Court at defendant's request on

13   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

14   best interest of the public and the defendant in a speedy trial.

15         4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

16   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

17   must commence.

18         IT IS SO STIPULATED.

19

20

21   Dated:  November 1, 2021                    PHILLIP A. TALBERT
                                                  Acting United States Attorney

22

23                                               /s/ JUSTIN J. GILIO
                                                  JUSTIN J. GILIO
24                                               Assistant United States Attorney

25

26   Dated:  November 1, 2021                    /s/ Kevin Little

27                                               Kevin Little
                                                  Counsel for Defendant
28                                               Donavan Adkins

Dated: November 1, 2021

/s/ Carrie C. McCreary
Carrie C. McCreary
Counsel for Defendant
Florentino Gutierrez

Dated: November 1, 2021

/s/ Michael J Aed
Michael J Aed
Counsel for Defendant
Louie Molina

Dated: November 1, 2021

/s/ Robert Conrad Lamanuzzi
Robert Conrad Lamanuzzi
Counsel for Defendant
Ernesto Zibray

Dated: November 1, 2021

/s/ Roger Shahriar Bonakdar
Roger Shahriar Bonakdar
Counsel for Defendant
Tiffany Feller

Dated: November 1, 2021

/s/ Roger Wilson
Roger Wilson
Counsel for Defendant
Maria Nunez

Dated: November 1, 2021

/s/ John Charles Umscheid
John Charles Umscheid
Counsel for Defendant
Ryan Gines

## **ORDER**

IT IS SO ORDERED that the status conference is continued from November 10, 2021, to **March 9, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:   **November 2, 2021**          _____ /s/ _Barbara A. McAuliffe_ _____
                                         UNITED STATES MAGISTRATE JUDGE